UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALICIA COLON,

                                    Plaintiff,

                                                                    5:23-cv-00913
v.                                                                  (BKS/TWD)

ANTHONY DAVIS, et al.,

                                    Defendants.

_____

APPEARANCES:

ALICIA COLON
*Plaintiff*, *pro se*
210 Lincoln Ave.
Apt. 2
Syracuse, NY 13204

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**ORDER AND REPORT-RECOMMENDATION**

        Currently before the Court is Plaintiff's amended complaint (Dkt. No. 6), a motion to

appoint counsel (Dkt. No. 9), and a "supplement" to the amended complaint (Dkt. No. 10).  For

the reasons discussed below, the Court recommends Plaintiff's amended complaint be dismissed

in its entirety with leave to amend.  In addition, Plaintiff's motion to appoint counsel is denied

without prejudice.

**I.      BACKGROUND**

        On July 28, 2023, Plaintiff commenced this action by filing a *pro se* complaint against

the Syracuse City School District ("SCSD" or the "District"); Anthony Davis, SCSD

Superintendent; Monique Wright-Williams, Chief of Staff and Head of Family Engagement

Department; and Nina Vergara, Family Engagement Facilitator of SCSD Westside Quadrant

(collectively "Defendants").  (Dkt. No. 1.)  Plaintiff did not pay the filing fee for this action and

sought leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

On August 30, 2023, the undersigned issued an Order and Report-Recommendation after

an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915.  (Dkt. No. 4).  In that

Order, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but recommended

dismissal of the complaint with leave to amend.  *Id*.  Plaintiff's objections to the Report-

Recommendation were due by September 13, 2013.  *Id*.

Thereafter, on October 16, 2023, Plaintiff filed an objection to the Report-

Recommendation, along with an amended complaint, which was filed on November 16, 2023.

(Dkt. Nos. 5, 6.)  As a result, on November 20, 2023, Chief United States District Judge Brenda

K. Sannes denied the Report-Recommendation as moot and referred the amended complaint,

which Plaintiff was entitled to file as a matter of course under Federal Rule of Civil Procedure

15(a)(1), back to this Court for initial review.  (Dkt. No. 7.)

On January 23, 2024, Plaintiff filed a motion to appoint counsel, along with a

"supplement" to the amended complaint.  (Dkt. Nos. 9, 10.[1])

## II.     INITIAL REVIEW OF THE AMENDED COMPLAINT

### A.     Standard of Review

The Court shall dismiss a complaint in a civil action if the Court determines it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-

---

[1] The "supplement" is not a proper pleading.  (Dkt. No. 10.)  In light of Plaintiff's *pro se* status, the Court will consider the three-page "supplement" for purposes of initial review of the amended complaint.  Plaintiff is advised that she may not attempt to amend her pleadings in a piecemeal manner.  *See* L.R. 15.1.

(iii); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation."  *Id.*  It must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.      Summary of Amended Complaint

Plaintiff's thirty-page amended complaint presents a lengthy narrative of facts occurring over a period of years in a long-winded, tangential manner. (*See generally* Dkt. Nos. 6, 10.) Although it is typed, legible, and somewhat numbered, her claims, if any, are cumbersome and

difficult to understand.  Many sentences are incomplete.  She often includes multiple statements, within a single paragraph, spanning several pages.

By way of example, Plaintiff references the suicide of a SCSD Vice Principal in 2009, and alleges the "psychological abuse and aversive conditioning within Syracuse City School is so common it has come to be considered public knowledge" and there has been no "measurable improvement in the workplace culture since the suicide of the Vice Principal in 2009.  (Dkt. No. 6 at 1.)  She alleges Nina Vergara "knowingly obstructed the plaintiff in September 2022, therefore the plaintiff's daughter and every student in the Syracuse City School's Westside quadrant remain at risk of inadequate supervision."  *Id*. at 3-4.

Plaintiff states she joined the Parent Advisory Council ("PAC") in 2021.  *Id*. at 4.  While not entirely clear, she appears to take issue with the manner in which PAC meetings are calendared, recorded, and run.  *Id*. at 4-11.  She also raises concerns about children using "Virtual Reality Equipment" while at school.  *Id*. at 5-6.  She wants more information about the "PUMP" Bus.  *Id*. at 5-7.  She alleges the District is "knowingly obstructing the plaintiff and the SCSD PAC from annually reviewing the Syracuse City School District's Title 1 Community and Family Involvement Plan," which "has not been updated since before the Syracuse City Schools desegrated in 1965 . . . ."  *Id.* at 9, 17.  She complains about the "family room" at Delaware Primary and the lack of internet.  *Id*. at 13, 14.

She states Superintendent Davis, Monique Wright-Williams, Nina Vergara, and the Syracuse City School have "committed years of psychological abuse against every Syracuse City School Family and puts every family at risk of future phycological [sic] harm without relief."  *Id*. at 19.  Plaintiff takes issue with the change in the start time for school, and claims "this act puts

various students at risk." *Id*. at 11-12, 19, 26.  She alleges Superintendent Davis "lied to the entire community" when discussing the change of start time.  *Id*. at 19.

She asserts the District failed to provide the PAC "with those things which they are entitled to on various occasions during the 2022-23 school year and that these repetitive obstructions amounted to neglect." *Id*. at 11.  She claims Monique Wright-Williams "knowingly and purposely distributed misinformation, obstructed the plaintiff, participates in wanton deliberate misuse of restrain and all families and staff are at risk of inadequate supervision as a result." *Id*. at 14.  Plaintiff states Delaware Primary School has remained without a full-time program aide for at least three years.  *Id*. at 16.

As part of the "supplement," Plaintiff submits a copy of a letter from the District, dated January 17, 2024, notifying Plaintiff that because of her actions at the Syracuse City School District's Central Office on January 16, 2024, she is excluded from all Syracuse City School District property, and must obtain permission from the school principal before she visits.  (Dkt. No. 10 at 3.)

Plaintiff requests that the Court grant the following relief:

- "protection" for Plaintiff's two children ages 3 and 9 "which prevents" the Syracuse City School from "intruding on their physical bodies without being invited;"

- requiring the District "to provide scientific and peer reviewed evidence which proves Virtual Reality helps children learn; which ensures that if Syracuse City School District wants to use the equipment donated by Micron that they provide appropriate cyber security protections;"

- "assistance in obtaining all records related to the PUMP bus;"

- preventing "one single person in the role of Syracuse City School Chief Engagement Officer from holding any other role;"

- prohibiting "Monique Wright-Williams from participating in the administration of the SCSD PAC and which prevents SCSD PAC meeting minutes from being recorded by a SCSD employee;"

- ensuring every SCSD family has "access to the basic amenities of a 21st century school site" including a "well developed website, adult internet access and printing capabilities from the family room" at every school;

- separating the "Family Involvement handbook" and the "Paper Calendar into two separate documents;"

- providing Delaware Primary School "with a new or different Family Engagement Facilitator and assigning them a program aide to assist the approx. 300 families with the transition to Montessori;"

- ordering the District to "rebuild" their Title 1 Community and Family Involvement Plan;

- protecting "program aides" and ensuring everyone within the Family Engagement department receives "effective training;"

- holding the District "accountable" and requiring "them to confess to neglecting the program's Title 1 Community and Family Involvement Plan for the past 22 years, confess to the mistreatment of the SCSD PAC and publicly apologize for trying to place all the blame at the feet of parents and families;"

- recognizing "that a group equivalent to the SCSD PAC exists inside every public-school program across the United States of America regardless of what the education program decides to call such a group;"

- prohibiting the District "from changing the name of the SCSD PAC for the next century," returning the monthly PAC meetings to all versions of the District Calendar; and assisting the PAC "in creating by-laws to explain how the group works and why it is essential;"

- making "use of Parliamentary Procedures and Robert's rules of order a requirement during" SCSD PAC meetings, and which "prohibits" SCSD employees from recording SCSD PAC meeting minutes;

- assisting "all staff and families from being subjected to aversive conditions" by the Syracuse City School District's Superintendent Office and requiring "written documentation any time the Superintendent or a member of his team uses executive discretion to deny an individual volunteer work;"

- ensuring the Board of Education "is using proper parliamentary procedures during general business meetings, audit committees, and work sessions in such a way the courts see it;"

- any other relief deemed appropriate by the court.

*Id*. at 21-25.

### C.    Analysis

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Having reviewed Plaintiff's filings with this principle in mind, the Court recommends dismissal of the amended complaint in its entirety.

Plaintiff's amended complaint suffers from numerous defects.  (Dkt. Nos. 6, 10.)  First, the amended complaint is not signed, and thus violates Federal Rule of Civil Procedure 11(a) and Local Rule 10.1(c)(2).  Second, the amended complaint does not contain a caption or list the names of all the parties as required by Federal Rule of Civil Procedure 10(a).[2]

Third, the amended complaint fails to meet the standards of Federal Rules of Civil Procedure 8 and 10.  Rule 8 requires a "short and plain statement" of a claim, showing that "the pleader is entitled to relief."  *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)).  Each statement must be "simple, concise, and direct," and give "fair notice of the claims asserted."  *Whitfield*, 763 F. App'x at 107 (quoting *Simmons v.*

---

[2]  The header of the amended complaint does indicates the civil docket number and "Colon V Davis etc al".

*Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Id.*

Moreover, Rule 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"  Fed. R. Civ. P. 10(b).  Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  *Clervrain v. Robbins*, No. 22-CV-1248 (MAD/DJS), 2022 WL 17517312, at *2 (N.D.N.Y. Dec. 8, 2022) (citation omitted), *report and recommendation adopted*, 2023 WL 3170384 (N.D.N.Y. May 1, 2023).

A complaint that does not comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the Court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

As it currently stands, Plaintiff's amended complaint wholly fails to provide fair notice of the claims she attempts to assert.  (Dkt. Nos. 6, 10.)  Given its lack of clarity, the Court recommends dismissal of the amended complaint because it is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure.

Fourth, and in the alternative, the Court recommends Plaintiff's amended complaint be dismissed because she fails to state a claim upon which relief may be granted.  Even giving the most liberal construction to Plaintiff's amended complaint, the Court is unable to discern a cognizable cause of action and it is thus difficult to analyze Plaintiff's claims, if any.  28 U.S.C. § 1915(e)(2)(B).

At the top of every page, Plaintiff indicates "Cause Civil Rights Act." But Plaintiff does not explain, in any discernable way, how a defendant violated any of *her* civil rights.[3] Thus, the allegations contained within Plaintiff's amended complaint "fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims." *Hamza v. Yandik*, No. 1:19-CV-447(LEK/DJS), 2019 WL 10255336, at *2 (N.D.N.Y. June 27, 2019); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

Setting aside the foregoing pleading defects, this Court does not have jurisdiction to grant Plaintiff any of the requested relief. (Dkt. No. 6 at 21-25.)

For each of these reasons, the Court recommends dismissing Plaintiff's amended complaint. However, in light of her *pro se* status, prior to outright dismissal of this action, the Court recommends that Plaintiff be given a final opportunity to comply with the basic pleading requirements set forth above.[4]

Plaintiff is advised that, should the District Court permit Plaintiff to file a second amended complaint, and if she chooses to avail herself of an opportunity to amend, such amended pleading must cure the defects set forth above.[5] To that end, the pleading must be signed, list the names of the parties, and set forth a short and plain statement of the facts on

---

[3] Because Plaintiff is proceeding *pro se*, she may not bring an action on behalf of a minor (or any other person). *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted).

[4] Had Plaintiff waited for Chief Judge Sannes to issue an Order on the Report-Recommendation, she would have learned of this Court's identification of the pleading defects in her original complaint, many of which are repeated in the amended complaint.

[5] **Plaintiff should not submit a second amended complaint until Chief Judge Sannes issues a Decision and Order on this Report-Recommendation. Any pleading filed before Chief Judge Sannes' decision with respect to this Court's recommendations will be stricken as premature and will not be considered by the Court. As noted below, however, Plaintiff may file written objections to this Court's recommendations.**

which she relies to support any legal claims asserted.  Fed. R. Civ. P. 8(a).  Plaintiff must also

clearly state the nature of the suit and the basis for this Court's jurisdiction.  The body of the

pleading must contain sequentially numbered paragraphs containing only one act of alleged

misconduct per paragraph.  Fed. R. Civ. 10.  No portion of any prior complaint shall be

incorporated into the second amended complaint and piecemeal pleadings are not permitted.

### III.    PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a motion to appoint counsel.  (Dkt. No. 9.)  As an initial

matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil

case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011)

(citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel

should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-

93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the Court in

ruling upon such a motion.  As a threshold matter, the Court should ascertain whether the

indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be

properly denied if the Court concludes that the plaintiff's "chances of success are highly

dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court

should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in th[e] case why appointment of counsel would
> be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62

(2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a

particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the amended complaint. As such, the Court cannot find that Plaintiff's claims, if any, are likely to be of substance. Plaintiff's motion to appoint counsel is denied without prejudice.  (Dkt. No. 9.)

## IV.   CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 6) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 9) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam) on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1)

(Supp. 2013); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: February 1, 2024
         Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

Case 5:23-cv-00913-BKS-TWD   Document 15   Filed 02/01/24   Page 14 of 22

Clervrain v. Robbins, Not Reported in Fed. Supp. (2022)

2022 WL 17517312

2022 WL 17517312
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Manetirony CLERVRAIN, Plaintiff,
v.
Jonathan ROBBINS, et al., Defendants.

1:22-CV-1248 (MAD/DJS)
|
Signed December 8, 2022

**Attorneys and Law Firms**

MANETIRONY CLERVRAIN, Plaintiff, Pro Se, Anderson, IN 46013.

## REPORT-RECOMMENDATION and ORDER

DANIEL J. STEWART, United States Magistrate Judge

**\*1** The Clerk has forwarded for review what has been docketed as a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted. [1]

[1]  Plaintiff has also moved for leave to file electronically. Dkt. No. 3. Given the recommended disposition of this case, that Motion is denied with leave to renew if Plaintiff files a complaint that survives review under section 1915.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) ... the court shall dismiss the case at any time if the court determines that – ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [2] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff

may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

**\*2** Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Clervrain v. Robbins, Not Reported in Fed. Supp. (2022)

2022 WL 17517312

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

**B. Analysis of the Complaint**

A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

  (1) a short and plain statement of the grounds for the court's jurisdiction ...;

  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

  **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Plaintiff's Complaint clearly does not satisfy these requirements. The nature of the Complaint is unclear. The Complaint recites a wide variety of federal statutes and case law, but a thorough review of the main Complaint and the numerous attachments does not provide clarity as to what federal claim Plaintiff seeks to pursue in this Court. It is unclear what relationship the individuals identified by Plaintiff as Defendants have to Plaintiff and how he alleges they violated his rights.

Given its lack of clarity, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

 **\*3** The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the

location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) [3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[3]     If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2022 WL 17517312

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 3170384
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Manetirony CLERVRAIN, Plaintiff,

v.

Jonathan ROBBINS, Jean-Max Bellerive,
Josue Pierre-Louis, Garry Conille, Jean-Claude
Theogene, Barthelemy Anteno, Kwasi Amoako-
Attah, and Victor (Ito) Bisono Haza, Defendants.

1:22-CV-1248 (MAD/DJS)
|
Signed May 1, 2023

**Attorneys and Law Firms**

MANETIRONY CLERVRAIN, 4326 South Scatterfield
Road, Suite 153, Anderson, Indiana 46013, Plaintiff, Pro Se.

**ORDER**

Mae A. D'Agostino, United States District Judge:

 **\*1**  On November 22, 2022, *pro se* Plaintiff Manetirony
Clervrain ("Plaintiff") filed a complaint against Defendants
consisting of 70 pages of forms and documents, *see* Dkt.
No. 1, "recit[ing] a wide variety of federal statutes and case law,"
Dkt. No. 7 at 5, and around two hundred pages of attachments.
*See* Dkt. Nos. 1-1, 1-5, 1-6. On the same day, Plaintiff moved
for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No.
2, and to obtain an ECF login and password. *See* Dkt. No. 3.

On December 8, 2022, Magistrate Judge Daniel J. Stewart
granted Plaintiff's motion to proceed IFP. *See* Dkt.
No. 6. Additionally, Magistrate Judge Stewart issued a
Report-Recommendation and Order recommending that the
complaint be dismissed with leave to amend. *See* Dkt.
No. 7. Plaintiff has not filed an objection to the Report-
Recommendation and Order.

When a party declines to file objections to a magistrate judge's
report-recommendation or files "[g]eneral or conclusory
objections or objections which merely recite the same
arguments [presented] to the magistrate judge," the district
court reviews those recommendations for clear error. *O'Diah
v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y.
Mar. 16, 2011) (citations and footnote omitted); *see also*

*McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y.
2007). After the appropriate review, "the court may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge." 28 U.S.C.
§ 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions
by a more lenient standard than that accorded to 'formal
pleadings drafted by lawyers.' " *Govan v. Campbell*, 289
F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v.
Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).
The Second Circuit has held that the court is obligated to
" 'make reasonable allowances to protect *pro se* litigants' "
from inadvertently forfeiting legal rights merely because they
lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting
*Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the December 8, 2022 Report-
Recommendation and Order, Plaintiff's complaint and the
applicable law, the Court finds that Magistrate Judge Stewart
correctly determined that the complaint should be dismissed.
The complaint is largely incomprehensible and suffers from
several deficiencies. Rule 8(a) of the Federal Rules of Civil
Procedure provides that a pleading must contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint
is neither short nor plain. *See* Dkt. No. 1. As currently
drafted, and even with the leniency given to a *pro se* litigant's
pleadings, Plaintiff failed to meet pleading standards such
that the Court is unable to meaningfully analyze whether
Plaintiff can allege any colorable claim against Defendants.
*See* *Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL
6690170, \*5 (N.D.N.Y. Nov. 2, 2015) ("[H]aving found
that none of the allegations in Plaintiff's meandering and
indecipherable Complaint raise a cognizable cause of action,
the Court concludes that the Complaint fails to state a claim
upon which relief may be granted and is subject to dismissal")
(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

 **\*2**  Finally, the Court agrees with Magistrate Judge Stewart
that Plaintiff should be granted an opportunity to amend
out of deference to Plaintiff's *pro se* status. *See* *Nielsen
v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (" 'Generally,
leave to amend should be freely given, and a *pro se*
litigant in particular should be afforded every reasonable
opportunity to demonstrate that he has a valid claim' ")
(quotation omitted). Should Plaintiff choose to amend the
complaint, the Court urges Plaintiff to review Magistrate

Judge Stewart's suggestions in the Report-Recommendation and Order thoroughly. *See* Dkt. No. 7 at 4-6.

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2023 WL 3170384

---

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

---

Hamza v. Yandik, Not Reported in Fed. Supp. (2019)

2019 WL 10255336

KeyCite Yellow Flag - Negative Treatment

Report and Recommendation Adopted as Modified by   Hamza v. Yandik,
N.D.N.Y.,   May 1, 2020

2019 WL 10255336
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Amir M. HAMZA, Plaintiff,

v.

Eileen YANDIK, Stephen Yandik,
and Green Acres Farm, Defendants.

Civ. No. 1:19-CV-447 (LEK/DJS)
|
Signed 06/27/2019

**Attorneys and Law Firms**

AMIR M. HAMZA, Plaintiff Pro Se, P.O. Box 281, Philmont,
New York 12565.

**REPORT-RECOMMENDATION and ORDER**

DANIEL J. STEWART, United States Magistrate Judge

 **\*1** Plaintiff Amir Hamza originally filed his Complaint
in this action on April 15, 2019. Dkt. No. 1. Pursuant to
28 U.S.C. § 1915(e), this Court reviewed the sufficiency
of the Complaint and issued a Report-Recommendation
recommending that the Complaint be dismissed with leave
to amend. Dkt. No. 6. Plaintiff did not file objections to
the Report-Recommendation, but instead filed an Amended
Complaint. Dkt. No. 9, Am. Compl. The District Court has
referred the Amended Complaint to the undersigned for
review under section 1915(e). Dkt. No. 10. For the reasons set
forth below, the Court again recommends that the Amended
Complaint be dismissed, but that Plaintiff be afforded one
final opportunity to further amend his Complaint.

Section 1915(e) of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed *in forma pauperis*,
"the court shall dismiss the case at any time if the court
determines that ... the action or appeal (i) is frivolous or
malicious; (ii) fails to state a claim on which relief may be
granted; or (iii) seeks monetary relief against a defendant
who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
Thus, it is a court's responsibility to determine that a plaintiff

may properly maintain his complaint before permitting him to
proceed further with his action. Generally, a court should not
dismiss a complaint if the plaintiff has stated "enough facts
to state a claim to relief that is plausible on its face." *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 of
the Federal Rules of Civil Procedure provides that a pleading
which sets forth a claim for relief shall contain, *inter alia*,
"a short and plain statement of the claim showing that the
pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The
purpose of this Rule "is to give fair notice of the claim being
asserted so as to permit the adverse party the opportunity to
file a responsive answer [and] prepare an adequate defense."
*Hudson v. Artuz*, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30,
1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D.
15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8
also provides that a pleading must contain "a short and plain
statement of the grounds for the court's jurisdiction." FED. R.
CIV. P. 8(a)(1).

Rule 10 of the Federal Rules of Civil Procedure provides, in
part:

> (b) Paragraphs; Separate Statements.
> A party must state its claims or
> defenses in numbered paragraphs,
> each limited as far as practicable to
> a single set of circumstances. A later
> pleading may refer by number to
> a paragraph in an earlier pleading.
> If doing so would promote clarity,
> each claim founded on a separate
> transaction or occurrence – and each
> defense other than a denial – must be
> stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide
an easy mode of identification for referring to a particular
paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992
WL 392597, at \*3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright
& A. Miller, Federal Practice and Procedure, § 1323 at 735
(1990)). A complaint that fails to comply with these Rules
presents too heavy a burden for the defendant in shaping a
comprehensive defense, provides no meaningful basis for a
court to assess the sufficiency of a plaintiff's claims, and may
properly be dismissed by the court. *Gonzales v. Wing*, 167
F.R.D. 352, 355 (N.D.N.Y. 1996).

Hamza v. Yandik, Not Reported in Fed. Supp. (2019)

Case 5:23-cv-00913-BKS-TWD   Document 15   Filed 02/01/24   Page 20 of 22

2019 WL 10255336

**\*2** Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

At the outset the Court notes that the Amended Complaint contends that the Court has jurisdiction under the diversity statute, 28 U.S.C. § 1332, and affirmatively alleges that he is a "resident of Dover, Delaware." Am. Compl. at p. 1. [1] Defendants are alleged to be residents of New York. *Id.* Plaintiff's other filings with the Court, however, list his address as Philmont, New York. Dkt. Nos. 2, 3, & 8. The proposed summonses provided by Plaintiff seek to have Defendants respond to the Complaint to Plaintiff at his New York address. Dkt. Nos. 2-1, 2-2, & 2-3. In addition, just a few weeks prior to filing this action, Plaintiff filed a federal civil action in the District of New Jersey where he affirmatively alleged his address to be the same Philmont, New York address listed in filings made in this Court. *Hamza v. United Continental Holdings, LLC, et al.*, 19-CV-8971 (D. N.J.), Dkt. No. 1. In light of these facts, "*the allegations in the complaint* with respect to the plaintiff['s] place[ ] of residence are insufficient to establish diversity jurisdiction." *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (emphasis added). It is thus quite unclear to the Court that complete diversity necessary to confer jurisdiction under section 1332 exists in this case. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017) (jurisdiction under section 1332 requires "complete diversity."). It may be, however, that a properly pled complaint could establish jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. But, for the following

reasons, the Amended Complaint fails to comply with basic pleading requirements.

[1]    References to page numbers are to the page numbers assigned by the Court's CM/ECF system.

The Amended Complaint is significantly more streamlined than the original pleading which totaled over 138 pages. It omits many of the very intimate details of Plaintiff's life and personal relationships that were included in the original Complaint. *See generally* Am. Compl. It continues, however, to be deficient in terms of providing specific and adequate notice of the claims Plaintiff attempts to assert in this action. It repeats the sweeping allegations of the original Complaint against the named Defendants including, but not limited to the failure to maintain proper financial and tax records, failure to comply with state workers' compensation laws, coercion, threats, and harassment of employees, discrimination based on race, religion, and sexual orientation, unlawful business recordkeeping, unlawful campaign contributions, and violations of New York State firearms laws. *See generally id.* Many of these allegations, however, do not relate directly to Plaintiff in any way. As such, the Amended Complaint fails to meet the requirements under Rule 8 for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff does not allege specific legal causes of action, tied to particular facts supporting those claims.

**\*3** As currently set forth the allegations fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims. By way of example, it now appears that Plaintiff seeks to assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Am. Compl. at p. 12.

A plaintiff asserting a RICO violation must adequately plead "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to plaintiff's business or property, and (3) the causation of the injury by the defendant's violation." To adequately plead the causation element of a RICO claim, the plaintiff must allege that the defendant's conduct was the "legal, or proximate, cause of [his] injury, as well as the logical, or but for, cause."

*Stancuna v. New Haven Legal Assistance Inc.*, 383 Fed. Appx. 23, 24 (2d Cir. 2010) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (alterations in original)). The Amended Complaint contains a list of federal statutes Plaintiff alleges that the Defendants have violated as a part of

Case 5:23-cv-00913-BKS-TWD   Document 15   Filed 02/01/24   Page 21 of 22

Hamza v. Yandik, Not Reported in Fed. Supp. (2019)

2019 WL 10255336

a RICO conspiracy. *See* Am. Compl. at p. 12. The Amended Complaint, however, fails to specifically demonstrate as to many of those statutes how the alleged actions were the legal or proximate cause of any injury to Plaintiff. For example, Plaintiff alleges that some or all of the Defendants failed to properly pay taxes and falsely advertised the origin of products for sale. *Id.* No facts are alleged nor any explanation offered, however, as to how these actions, if true, harmed Plaintiff. He does make more specific allegations as to other alleged RICO predicate offenses, but the lack of clarity and conclusory nature of the allegations fails to provide "fair notice" to Defendants about the nature of the claim being asserted against them. *Hudson v. Artuz*, 1998 WL 832708, at *1.

There are additional allegations set forth in the Amended Complaint that are unclear as to precisely what claims Plaintiff seeks to pursue here. Plaintiff, for example, refers several times to official positions held by Defendants Eileen and William Yandik, *see, e.g.*, Am. Compl. at pp. 3 & 6, which might provide a basis for claims under 42 U.S.C. § 1983. Plaintiff, however, offers nothing more than conclusory allegations and does not identify specific constitutional rights that he alleges Defendants have infringed. Additionally, Plaintiff appears to make a number of allegations that certain Defendants are engaged in criminal activity, *see, e.g.*, Am. Compl. at pp. 5 & 6, but does not demonstrate on what basis such allegations are actionable. *See Ruston v. World Wrestling Entm't*, 2008 WL 824217, at *3 (D. Conn. Mar. 25, 2008) (citing cases) (raising questions as to whether a private party has standing to raise such claims).

As a result, it is unclear precisely what legal right or rights of Plaintiff have been violated or how these Defendants, in particular, may have violated those rights. This failure warrants dismissal of the Complaint. *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (Dismissal appropriate when Complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

Courts recognize that dismissal of a complaint filed by *a pro se* litigant "without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated' " would be inappropriate. *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading

and so it is recommended that Plaintiff be granted leave to amend to do so.

**\*4** Should Plaintiff be directed by the District Judge to file a further amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaints filed by Plaintiff, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's second amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days [2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[2]     If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day

**Hamza v. Yandik, Not Reported in Fed. Supp. (2019)**

2019 WL 10255336

period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2019 WL 10255336

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.